IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

NATHANIEL HARVEY,
    Plaintiff,

vs.

S. WILSON, *et al.*,
    Defendants.

CASE NO. 4:22-CV-61 (CDL)

O R D E R

This matter is before the Court pursuant to a Report and Recommendation by the United States Magistrate Judge entered on February 13, 2024. There was no objection to this Recommendation as permitted by 28 U.S.C. § 636(b)(1). Therefore, the Court reviews the Recommendation for clear error.  Finding no clear error that requires rejection of the Recommendation, the Court adopts the Recommendation of the Magistrate Judge and makes it the order of this Court.[1]

IT IS SO ORDERED, this 25th day of March, 2024.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] The Court does not adopt the portion of the Recommendation which suggests that the Court must ignore a plaintiff's "uncorroborated" statements made during a deposition. Certainly, a plaintiff's *unsubstantiated assertions* are not enough to withstand a summary judgment motion, but the Court may not disregard a plaintiff's *factual testimony* that is "based on personal knowledge," even if it is self-serving. *United States v. Stein*, 881 F.3d 853, 857 (11th Cir. 2018).  Based on the Court's review of the record, the Court is satisfied that Plaintiff's testimony does not establish that Defendants failed to provide medical treatment altogether, and his testimony does not create a genuine fact dispute that Defendants were deliberately indifferent to a serious medical need. Rather, Plaintiff admits that he received regular medical treatment, including bandage changes, as reflected in the undisputed medical records.